# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0030** (Nicholas County 16-F-31)

**Delbert D.,**
**Defendant Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Delbert D., by counsel Jason D. Parmer, appeals the December 14, 2016, sentencing order of the Circuit Court of Nicholas County following his conviction of multiple sex crimes.[1] The State of West Virginia ("the State"), by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for judgment of acquittal because "the State failed to establish the corpus delicti of the charges with independent, corroborating evidence of sexual intrusion."

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, petitioner was indicted for twenty-one counts of first-degree sexual assault, one count of first-degree sexual abuse, two counts of sexual abuse by a parent, guardian, or custodian, and one count of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct.[2] Petitioner's jury trial commenced on October 6, 2016. At trial,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]One count of first-degree sexual abuse and one count of sexual abuse by a parent,

(continued . . .)

1

petitioner's confession was played for the jury. During the recording, petitioner admitted that he had sexual encounters with the victim in both his trailer and a detached building on his property. According to petitioner, the victim would sit on his lap and neither party would be wearing pants. Petitioner indicated he would rub his penis against the victim's vagina and place his fingers inside her vagina and anus. Petitioner explained that this occurred "five or six times" in the building and "once or twiced [sic]" in the trailer. Petitioner denied that his penis was ever inside the victim, but did admit that he would have an erection as a result of the activity.

The twelve-year-old victim testified that when she was four or five years old petitioner made her undress and lay on top of him or on a mattress. According to the victim, petitioner touched "the outside" of her buttocks with his penis and touched her chest with his hands. The victim denied that petitioner touched the lower part of her body with his fingers. The victim indicated that these events occurred in petitioner's detached building. Finally, a West Virginia State Police officer testified that he reviewed the victim's interviews and statements and the victim did not remember if petitioner penetrated her vagina or anus with his fingers or penis during any of the incidents.

At the close of the State's case, petitioner moved for a judgment of acquittal. The circuit court granted petitioner's motion in regard to thirteen counts of first-degree sexual abuse, but denied the motion in regard to eight counts of first-degree sexual abuse, one count of first-degree sexual abuse, and two counts of sexual abuse by a parent, guardian, or custodian. The jury ultimately convicted petitioner of all remaining counts in the indictment.

In November of 2016, the circuit court sentenced petitioner to eight terms of 25 to 100 years of incarceration for his first-degree sexual assault convictions; one term of 5 to 25 years for his first-degree sexual abuse conviction; and two terms of 10 to 20 years for his sexual abuse by a parent, guardian, or custodian convictions. The circuit court ordered that five sentences imposed for the first-degree sexual assault convictions would run consecutively to each other and that the remaining sentences would run concurrently to those five terms. The circuit court's December 14, 2016, sentencing order effectively sentenced petitioner to 125 to 500 years of incarceration. Petitioner now appeals that order.

On appeal, petitioner argues that the circuit court erred in denying his motion for judgment of acquittal on the basis that the State failed to establish the corpus delicti of the charges with independent, corroborating evidence of sexual intrusion.[3] According to petitioner, the only

_____

guardian, or custodian related to a second victim and are not at issue in this appeal. Additionally, the count of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct was severed from this indictment on the State's motion and is not at issue in this appeal.

[3] West Virginia Code § 61-8B-3 provides, in relevant part: "[a] person is guilty of sexual assault in the first degree when . . . [t]he person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is nor married to that person." Further, West Virginia Code § 61-8B-1(8) defines sexual

(continued . . .)

evidence of sexual intrusion was petitioner's own recorded statement; the victim never testified that petitioner penetrated her with his fingers or penis. Petitioner argues that his statement alone is insufficient to establish corpus delicti. Respondent argues that the testimony provided by the victim "materially and substantially" corroborated petitioner's confession and, therefore, the corpus delicti of the crime was proven.

The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). As this Court has further explained:

> The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Moreover,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt 3, in part.

In regard to the corpus delicti rule, this Court held in *State v. Garrett*, 195 W.Va. 630, 466 S.E.2d 481 (1995) that

> [t]he corpus delicti may not be established solely with an accused's extrajudicial confession or admission. The confession or admission must be corroborated in a material and substantial manner by independent evidence. The

---

intrusion as "any act between persons involving penetration, however slight, of the female sex organ or of the anus of any person by an object for the purpose of degrading or humiliating the person so penetrated or for gratifying the sexual desire of either party."

corroborating evidence need not of itself be conclusive, but, rather, is sufficient if, when taken in connection with the confession or admission, the crime is established beyond a reasonable doubt.

*Id.* at 633, 466 S.E.2d at 484, Syl. Pt. 5. In this case, we find that the victim's testimony was a "material and substantial" corroboration of petitioner's confession. During her testimony, the victim stated that petitioner made her undress and lay on top of him while in the building on his property. Further, petitioner admitted in his confession that the sexual acts occurred in both the trailer and that building and that neither party wore pants during the events. Additionally, petitioner admitted to penetrating the victim's vagina and anus with his fingers. As we held in *Garrett*, the corroborating evidence "need not be conclusive." Rather, the evidence "is sufficient if, when taken in connection with the confession or admission, the crime is established beyond a reasonable doubt." Petitioner's confession that he digitally penetrated the victim and the victim's testimony correctly identifying the place and manner in which petitioner committed these acts supports the circuit court's determination that the State proved corpus delicti in this case. Therefore, we find no error in the proceedings below.

Accordingly, for the foregoing reasons, we affirm the circuit court's December 14, 2016, final sentencing order.

Affirmed.

**ISSUED**:   November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Timothy P. Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment